**In the Matter of the GUARDIANSHIP and Conservatorship OF Christena A. COLLINS;**

**Howard W. Hamer, Appellant.**

**No. 67488.**

Supreme Court of Iowa.

Dec. 22, 1982.

Jay H. Honohan of Honohan, Epley, Kron & Haymond, Iowa City, for appellant.

Douglas L. Tindal of Stewart, Shearer, Owen & Tindal, Washington, for appellee conservator.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The question here is whether a party who voluntarily gives up a contract right can later reclaim it on the ground of lack of consideration for its relinquishment. In the circumstances of this case, we hold that the right was waived and cannot be reclaimed. Because the trial court held otherwise, we reverse and remand.

This case originated with an application by Ferd E. Skola, conservator of Christena F. Collins, for an order authorizing him to enforce and bring a forfeiture action on a contract to sell real estate entered by the ward eight years before the conservatorship was established. Notice of the application was provided to Howard W. Hamer, purchaser under the contract. Hamer subsequently filed a resistance to the application and participated in the hearing. The trial court treated the proceeding as if it were an action in equity for declaratory judgment. After the hearing, and after briefing of the issues by the parties, the trial court entered a ruling granting the conservator's application. This appeal by Hamer followed. Because Hamer did not raise any procedural issue and no question of jurisdiction exists, we will review the trial court's ruling on its merits.

The parties agree on the relevant evidence but not on the inferences and legal conclusions to be drawn from it. Christena and her husband contracted with Hamer in 1971 to sell him a lot in Iowa City with a mobile home on it. The purchase price was $8000, with $500 down and the balance to be paid at the rate of $50 per month, with interest to accrue at the rate of six percent per annum on the unpaid balance.

In 1973 Christena decided she wanted the interest requirement to be eliminated from the contract so the balance would be paid in 12 rather than 24 years. She testified:

Well, the first contract had, it was to run until my husband was, it was a 24 year [contract] and my husband was 71 at the time and it sounded a little ridiculous that long a contract, and the reason for the second one was, I asked that it be cut in two, without the interest on it; and that would be, well, half of the 24 years, would have been 12, but we would not have received the interest on it. Now it was my idea, due to the age of my husband.

She told Hamer of her desire to have the contract changed. Because the change was to his economic advantage he agreed to it. He had his attorney, Jay Honohan of Iowa City, draw a new contract on the same terms as the 1971 contract except for elimination of the interest requirement. The contract recited that it superceded the 1971 agreement. Honohan sent the new contract to Harold Keele, the attorney for the Collinses in West Liberty.

Christena and her husband then asked Hamer to accompany them to Keele's office. Keele advised Mr. and Mrs. Collins that it was unusual for sellers in their position not to require interest. He questioned them enough to satisfy himself that he could not dissuade them. He described them as "adamant" in their desire to give up their right to interest. At one point, Christena pointed her finger at him and said: "Don't tell me how to run my business. That is the way it is going to be." Although Keele thought the Collinses' decision was unwise and unintelligent he had no reason to doubt their competency. His observation of Hamer at the meeting gave him no reason to believe Hamer had influenced the decision. The only thing Hamer asked was that if the new contract were to be executed a provision be added giving him the right to remove the mobile home from the premises. Mr. and Mrs. Collins agreed to this, and Keele added the provision to the contract. The parties then signed it.

Hamer continued making his payments and subsequently removed the mobile home from the lot. In 1974 he sold his interest to a third party on contract. In 1979, this conservatorship was established on Christena's voluntary petition. The 1973 contract with Hamer was listed as a conservatorship asset, and the conservator accepted the payments on it. In 1981 Hamer got the impression, through letters from Christena, that the Collinses might be having financial difficulty. He offered to pay the 1973 contract balance in exchange for a deed, but the conservator's attorney advised him to continue his payments as before. Within a few weeks, the conservator initiated the present action.

In sustaining the conservator's application, the trial court rejected his contention

that Christena was incompetent when she entered the 1973 contract. The court held, however, that the 1973 contract was merely a modification of the 1971 contract. Because the modification lacked consideration, the court held it was invalid, citing *Recker v. Gustafson,* 279 N.W.2d 744 (Iowa 1979). In seeking reversal, Hamer relies on doctrines of rescission, waiver and estoppel. The conservator alleges that the issues of waiver and estoppel were not presented in the trial court. He asserts, in any event, that those defenses are not supported by the evidence. In addition, he argues that the court's ruling should be upheld on the ground of Christena's incompetency. Christena's husband is not a party to this action, and we do not adjudicate his rights.

■ I. *Preservation of error.* Hamer did not mention the words waiver or estoppel until he filed a supplemental memorandum after the hearing. When he filed his resistance to the conservator's application, however, he did add an application in which he alleged the making of the 1973 contract and its terms, his reliance on it, his compliance with it, and his view that the conservator was obliged to carry it out. He asked that the conservator be ordered to deliver a court officer deed upon receipt of the balance on that contract.

At the hearing, much of the evidence focused on the voluntariness of the ward's decision to change the 1971 contract. The parties merely looked at this evidence through different colored glasses. The conservator saw it as evidence of Christena's incompetency on the theory no person in her right mind would do what she did. Hamer saw it as evidence that, for whatever reason, she made a rational, voluntary decision that she still supported, that he had a right to rely on it, that he did so, and that the conservator should be bound by it.

■ In the combination of circumstances in this record, we find that at least the defense of waiver was presented. If a party pleads facts giving rise to a defense, it is not essential that a specific label be attached to it. *See Mensing v. Sturgeon,* 250 Iowa 918, 929–30, 97 N.W.2d 145, 151

(1959). Moreover, when parties proceed without objection to try an issue not raised by the pleadings, it is rightfully in the case. *Harper v. Cedar Rapids Television Co.,* 244 N.W.2d 782, 786–89 (Iowa 1976). We think the defense of waiver was implicit in the application that accompanied Hamer's resistance, and the evidence supporting those allegations came in without objection.

II. *Incompetency.* In asking that this court in its de novo review of the record find that Christena was incompetent when she signed the 1973 contract, the conservator relies entirely on the peculiarity of her belief that she was better off with the second contract.

■ A contract cannot be set aside on the ground of a person's incompetency to enter it unless the evidence shows the person lacked sufficient mental capacity to understand it. *In re Estate of Faris,* 159 N.W.2d 417, 420 (Iowa 1968). Lack of capacity to understand has not been established in this case. The 1973 contract had exactly the meaning Christena wanted it to have. The problem is not with her understanding of the contract but with her reason for thinking it was to her advantage.

We agree with the trial court that the incompetency ground was not proven.

III. *Lack of consideration.* The subject of contract modification was reviewed in *Recker v. Gustafson,* 279 N.W.2d 744 (Iowa 1979). The court there applied the general common law rule that new consideration is required for a new promise by a party to a contract for the promise to be binding. *Id.* at 759. In doing so, the court reserved the question of the applicability of Restatement (Second) of Contracts § 89D(a) (1973), under which consideration is not required when a modification is fair and equitable in view of unanticipated circumstances. Moreover, the court did not foreclose the applicability of other exceptions; nor did the court purport to change the doctrine of waiver.

■ This court has long held that contract rights can be waived. *See Dunn v.*

*General Equities of Iowa, Ltd.,* 319 N.W.2d 515, 516 (Iowa 1982). Waiver is the voluntary or intentional relinquishment of a known right. It can be express or implied. The essential elements are the existence of a right, actual or constructive knowledge of it, and an intention to give it up. *Scheetz v. IMT Insurance Co.,* 324 N.W.2d 302, 304 (Iowa 1982). No consideration is required. *Smith v. Coutant,* 232 Iowa 887, 894, 6 N.W.2d 421, 425–26 (1942). Nor is prejudice necessary. *Id.*

■ The present case presents a classic waiver situation. For a reason adequate to Christena, she insisted on giving up the very right her conservator now seeks to reclaim. She knew of her right to interest under the 1971 contract, but she intentionally and voluntarily gave it up. This was not a bargained for change in the contract. The purpose of the new contract was to show Christena's relinquishment of the right to interest under the prior contract. Hamer neither sought nor induced the change. It was Christena's idea, and she saw to its implementation. The change was therefore not subject to rules governing contract modification. It reflected a unilateral rather than bilateral decision.

We hold that the trial court erred in refusing to give effect to the waiver. The court should have denied the conservator's application and have granted Hamer's application. We reverse and remand for entry of an appropriate order.

REVERSED AND REMANDED.