James CARTER, Petitioner-Appellant,

v.

CONTINENTAL TELEPHONE COMPANY, Employer, and Travelers Insurance Company, Insurance Carrier, Respondents-Appellees.

No. 84–1364.

Court of Appeals of Iowa.

June 25, 1985.

Dennis L. Hanssen of Hopkins & Huebner, P.C., Des Moines, for petitioner-appellant.

Patricia J. Martin of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for respondents-appellees.

Considered by OXBERGER, C.J., and DONIELSON, and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

The petitioner appeals from an adverse decision in a worker's compensation claim. We affirm.

James Carter has been employed by Continental Telephone Company for twenty-five years. As part of his work, he cleaned and oiled switches, handled wires, relays, and batteries. He developed contact dermatitis on his hands, face, and feet. He suffered from several episodes of skin irritation. The first occurred prior to his employment with Continental. Of four following incidents of skin irritation, two were related to work. One occurred in 1965 in which his hands blistered after wearing rubber safety gloves and in 1975 his face itched and hands blistered after wearing a rubber apron, face mask and gloves. The most severe incident occurred in 1977 when he was on vacation and exposed to plant or bug spray or car wax. The last occurred in 1978.

Carter was seen by the company physician who stated Carter should not return to the job he had held. The company placed Carter in another job where he would not come into contact with materials which would aggravate his condition. He was transferred to the service center on March 12, 1979.

Carter claims he was unaware of a potential worker's compensation claim until August 9, 1980, when a friend informed him he might have a claim. He asked the Customer Service Manager about filing a claim, who transferred the information to Travelers Insurance Company. Claims supervisors with Travelers told the company safety director Joe McCartney that they did not believe that Carter had a compensable claim. McCartney relayed the information to Carter at the end of August. In January, the claimant met with McCartney and

Travelers claim supervisor Shelby Swain and discussed the matter. A follow-up letter was sent January 28, 1981, by Swain to McCartney. In the letter Swain outlined his reasons for his conclusion that the injury was not work related and not compensable under worker's compensation. Swain also stated in the letter that he felt the claim would be barred by the two-year statute of limitations since the company was put on notice of the claimant's treatment in 1978 and at that time could have known the injury might be work related. Swain went on to state, "I do not, however, want to make a decision to pay or not pay the claimant based on any statutes."

At a hearing before the Deputy Industrial Commissioner, it was determined the claim was barred since the notice and petition were filed more than two years from the occurrence of the injury, as required by section 85.26(1) of the Code. An appeal to the Iowa Industrial Commissioner resulted in the same finding. The district court also affirmed the holding.

We are to determine on appeal whether the fact findings of the agency are supported by substantial evidence and, if they are, we must affirm the decision. Iowa Code § 17A.19(8)(f) (1985).

The claimant argues that his claim is not barred by the statute of limitations, and in the alternative that the company is estopped from using the statute of limitations or has waived the claim.

A statute of limitations defense can be waived by a defendant. *Beeck v. Kapalis,* 302 N.W.2d 90, 93 (Iowa 1981). Carter refers to Swain's letter of January 28 when he stated he did not want to rely on the defense as an indication of waiver.

■ Although a statute of limitations defense may be waived, the defendant must have the intent to do so. *In the Matter of Guardianship of Collins,* 327 N.W.2d 230, 234 (Iowa 1982). In addition to intent to give up the right, the plaintiff must show the existence of that right and actual or constructive knowledge that it exists. *Id.*

■ The evidence presented at trial shows that Swain was indicating in his letter that a statute of limitations defense existed, but that he preferred to deny the claim based on the merits of the case. At the hearing he testified as follows:

Q. Shelby, at that time [when your letter was sent in January 1981] you hadn't made an in depth study of the statute of limitations in this case, had you? A. No.

Q. You hadn't decided to waive the statute of limitations definitely or told Mr. Carter that you would did you? A. No.

We find the fact finding of the agency that the claim was not waived is supported by substantial evidence.

■ We reach the same conclusion regarding the estoppel issue. The elements of estoppel include a showing: (1) that there was a false representation or concealment of material facts; (2) a lack of knowledge of the facts by the person to whom the representation or concealment is made; (3) intent by the representing party that the other person rely on the statement; and (4) reliance by the person to whom the statement or concealment is directed. *Paveglio v. Firestone Tire & Rubber Co.,* 167 N.W.2d 636, 638 (Iowa 1969).

Carter claims the company concealed the statute of limitations problem from him and represented to him that his claim was still being considered. He further says the letter of January 28 indicated to him that the company would not rely on a statute of limitations defense.

■ The record supports the finding that the claimant was in the same position regarding knowledge of the case as were the defendants. The company's employees who dealt with Carter did not have sufficient knowledge of the state worker's compensation statute to be charged with absolute knowledge of the limitation of the action. No evidence was presented of a fraudulent intent. The company appeared to believe in good faith that the claim was not compensable. In the words of Industrial Commissioner, "It appears they (the

company) kept an 'open book' with regard to the claimant and, did not, in any sense of the word conceal anything from claimant."

■ The statute of limitations regarding worker's compensation claims is found at 85.26(1) of the Code and indicates a proceeding "shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of the occurrence of the injury." The discovery rule was applied to this section of the Code in the court's decision of *Orr v. Lewis Central School District*, 298 N.W.2d 256, 261 (Iowa 1980):

> Under the discovery rule, the period of limitation does not begin to run until the claimant knows of his injury and its probable compensable nature. *See Mousel*, 169 N.W.2d at 766–67. This is the rule, which the 1977 amendment made applicable to the limitations period in § 85.26.

It is Carter's contention that he did not know of the "compensable nature" of his injury until informed by his friend in August 1980. He says that is the date when the statute of limitations began to run.

Carter was given several letters about his condition by the company physician, the last dated December 29, 1978. In that letter the doctor specifically indicated the dermatitis was caused by a substance he came into contact with while on the job. As the commissioner indicated, the letter was clear about the relationship between the skin condition and claimant's job. It put Carter on notice regarding a connection between the injury and his job. We note the supreme court's reference to the analysis of the New Jersey Court in reviewing a similar enactment, stating, "The enactment should be read to cover any claimant who filed a petition within two years of the *date on which he learns the nature of his disability and its relation to his employment.*" *Orr*, at 261 (*citing Panzino v. Continental Can Co.*, 71 N.J. 298, 303, 364 A.2d 1043, 1045 (1976) (emphasis added).

We find this reasoning compelling, and hold that the letters by the doctor to Carter put him on notice of his worker's compensation claim. We affirm the determination that his claim is barred by the statute of limitations.

AFFIRMED.