HUMISTON GRAIN CO., Appellee,

v.

ROWLEY INTERSTATE TRANSPORTATION COMPANY, INC., Appellant.

ROWLEY INTERSTATE TRANSPORTATION COMPANY, INC., Appellant,

v.

HUMISTON GRAIN CO., and Robert Greer, Appellees–Counterdefendant.

HUMISTON GRAIN CO., Appellee,

v.

James EARNEST d/b/a Earnest Insurance Agency, Third–Party Defendant.

No. 90–1370.

Supreme Court of Iowa.

April 15, 1992.

James M. Heckmann of Bauer and Heckmann, P.C., Dubuque, for appellant.

Eric M. Knoernschild of Hintermeister & Knoernschild, Muscatine, for appellee Humiston Grain Co. and counterdefendant Robert Greer.

Chris J. Scheldrup of Moyer & Bergman, Cedar Rapids, for third-party defendant James Earnest.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Based upon the terms of an agreement between an owner and a carrier, the owner brought suit to recover equipment rental fees. The carrier counterclaimed for damages arising from the destruction of one of its trailers on theories of breach of contract, negligence, and bailment. The owner pled the affirmative defense of estoppel to the carrier's counterclaim. The district court held the owner was entitled to recover the unpaid amount of the rental payments on the leased equipment. The court denied the carrier's counterclaims on the basis of estoppel. The district court judgments were affirmed by the court of appeals. We granted further review and now vacate the decision of the court of appeals. The judgments of the district court are affirmed in part, reversed in part and are remanded for entry of judgment on the carrier's negligence counterclaim and for further proceedings.

## I. *Background.*

Humiston Grain Co. (Owner) and Rowley Interstate Transport (Carrier), entered into an independent contractor agreement known as an "equipment lease with driver" agreement on May 24, 1988. The agreement, prepared by Rowley, was a printed form modified by two typed provisions. The agreement was signed by representatives of both Humiston and Rowley.

Under the terms of the agreement, Humiston was to provide a tractor (used to pull a trailer) as well as a driver. Rowley would in turn furnish trailers and cargo to be hauled by the Humiston tractor and driver. Humiston was to be paid a certain percentage of the revenues earned in hauling the cargo as rental fees.

The two typed provisions specifically directed that Rowley must furnish cargo insurance and Humiston must furnish liability insurance. There was no specific mention, however, as to physical damage insurance for Rowley trailers. The contract did provide that:

Owner agrees to be responsible for any and all loss incurred by Carrier which may arise from or in connection with the operations to be performed pursuant to this agreement ... if the loss results from the negligence of the Owner, or its agent, or if the Owner or its agent are involved in the loss.

Humiston furnished a copy of the contract to its insurance agent James Earnest and requested he acquire requisite insurance. To clarify what types of insurance Humiston would need to carry, the agent telephoned Rowley. The agent was put through to "the person who handled insurance for Rowley" and was told that Rowley would provide cargo *and physical damage* coverage on the trailers and that Humiston was to provide liability coverage. As a result of the phone call, Humiston's agent procured liability insurance but did not procure physical damage insurance for Rowley's trailers.

On August 11, 1988, a Rowley trailer was destroyed in a collision with a train. The trailer was being pulled by a Humiston tractor driven by Humiston's employee, Robert Greer. It was stipulated that the collision was the result of Greer's negligence and that the damage to the trailer was in the amount of $32,000.

At the time of the collision, Rowley owed $8,633.91 in rental fees to Humiston. As a set-off for the loss on the trailer, Rowley withheld the $8,633.91 due and owing to Humiston.

Humiston sued Rowley for its rental fees. Rowley counterclaimed seeking recovery for the loss of its trailer under theories of breach of contract, negligence, and bailment. Rowley brought in driver, Greer, as a third-party defendant to its counterclaim. Humiston later brought in the insurance agent, Earnest, as a third-party defendant alleging malpractice for not obtaining proper insurance coverage.

Humiston raised equitable estoppel as an affirmative defense to Rowley's counterclaim. The claims were tried to the district court as a law action. The court entered judgment for Humiston on the $8,633.91 rental fees. Rowley's counterclaims for the value of the damage to the trailer was dismissed because the court found Humi-

ston proved its estoppel defense. Humiston's claim against Earnest was then declared moot.

Rowley filed an Iowa Rule of Civil Procedure 179(b) motion for an enlargement of the findings and reconsideration of the judgments. Specifically, Rowley requested an enlargement of the finding and conclusion that an integration clause in the agreement, prohibiting oral modification, was inapplicable. Rowley also asked the court to address its negligence and bailment claims which the court found were precluded by the finding of estoppel.

The court concluded the oral representations regarding such insurance were not a modification of the agreement, because the agreement did not address the question of property damage insurance. The court also concluded that the finding of estoppel precluded the negligence and bailment actions. Rowley appealed the judgments and post trial ruling.

## II. *Scope of Review.*

Our scope of review is on errors of law. Iowa R.App.P. 4. Findings of fact are binding upon us if they are supported by substantial evidence in the record. Iowa R.App.P. 14(f)(1).

## III. *Contractual Provisions Against Oral Modification.*

Both the district court and the court of appeals found that the representations made by Rowley's insurance representative to Humiston's insurance agent served to estop Rowley from recovering for the amount of loss on the trailer under the breach of contract claim. We agree.

For the district court to reach the issue of estoppel it was necessary to overcome the contract provision against oral modification. The district court concluded that the integration clause prohibiting oral modification could be overcome because the representation made by the Rowley representative was not related to the subject matter of the contract and thus was not an oral modification of the contract. Although we find the agreement did address the general subject matter of insurance

coverage, we conclude that proof of estoppel makes the clause against oral modification inoperative.

Historically, provisions against oral modification can be overcome upon showings of certain facts.

> The rule followed by the courts generally, with some authority to the contrary, is that a written contract not required by law to be in writing may be modified by a subsequent oral agreement even though it provides it can be modified only by a written agreement. Such a stipulation in the original contract may become inoperative because of modification, recision, waiver or *estoppel,* or an independent contract.

17A Am.Jur.2d *Contracts* § 527 (1991) (emphasis added). We specifically recognized this principle in *Berg v. Kucharo Construction,* 237 Iowa 478, 488–89, 21 N.W.2d 561, 566–67 (1946), where we said: "[I]t is equally well settled that [such provisions] may be avoided by the parties to the contract. The courts have adopted various theories of avoidance which may be classified as those of independent contract, modification or recision, waiver and *estoppel.*" (Citation omitted.) (Emphasis added.)

Thus, in certain cases, such as may exist in claims of estoppel, contractual provisions prohibiting oral modification may be invalidated by the courts. This recognized exception allows a court to initially overlook the provision against oral modification to determine whether there are any facts establishing one of the invalidating circumstances. Although the district court did not specifically recognize this concept in its decision, the end result reached is the same. We have long held that a decision of the district court may be upheld on appeal if there is an alternative ground for supporting the decision. *See Citizens First Nat'l Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980); *see also* 5 Am.Jur.2d *Appeal & Error* § 785 (1962).

Finally, we find there is substantial evidence in the record to support the trial court's finding that Humiston proved by sufficient clear, convincing and satisfactory

evidence, the four elements of estoppel. *See, e.g., Bricker v. Maytag Co.,* 450 N.W.2d 839 (Iowa 1990). Rowley's representative, with apparent authority to act for Rowley, falsely represented to Humiston's insurance agent that Rowley would provide physical damage coverage for the trailer with the knowledge and intent that Humiston would rely upon the representation.

### IV. *Rowley's Negligence Claims.*

■ The finding of estoppel as to the contract claim is not, however, as both the district court and court of appeals concluded, an affirmative defense to a claim based in negligence. We base our decision of this issue on two related theories from cases in which negligence results in the destruction of property.

In support of this conclusion we analyze by way of analogy. We treat the oral representation that Rowley would carry physical damage coverage on its trailer as part of the agreement between the owner and carrier. The agreement would then require that Rowley furnish physical damage insurance coverage for the trailer while Humiston furnish liability coverage. Humiston would however be responsible for any and all loss to the trailer occurring because of negligence. In similar situations, the courts have concluded that such insurance provisions do not preclude a suit premised on negligence.

We find the circumstances in *Sears, Roebuck and Co. v. Poling,* 248 Iowa 582, 81 N.W.2d 462 (1957), to be analogous. Sears leased a structure pursuant to the terms of a written lease. *Id.* at 584, 81 N.W.2d at 463. The lease provided that Poling was to provide insurance coverage for the building Sears was leasing. *Id.* at 586, 81 N.W.2d at 464. Due to Sears' negligence, the building was destroyed by fire. *Id.* Sears sued Poling for damages. Poling counterclaimed that Sears was negligent and was thus responsible for the loss of the building. Sears defended the counterclaim on the grounds that the lease relieved it "from liability for the fire irrespective of whether [the fire] was caused by its negligence."

*Id.* at 584–85, 81 N.W.2d at 463. Alternatively, Sears argued that Poling was estopped from asserting the negligence claim because Poling had obtained insurance (although not for the full value of the building) and recovered from the insurer. *Id.*

We first held that the provisions of the contract did not preclude a negligence action against Sears. *Id.* at 587–93, 81 N.W.2d 462. Secondly, and more importantly, we held that Poling was not estopped from asserting a negligence claim against Sears notwithstanding Poling's acquisition and recovery of insurance. *Id.* at 593–94, 81 N.W.2d at 468–69.

Similar decisions have been reached in motor vehicle lease arrangements. *See Farmbest Inc. v. Martin,* 353 F.2d 278 (8th Cir.1965) (applying Iowa law); Annotation, *Construction and Effect of Motor Vehicle Leasing Contracts,* 43 A.L.R.3rd 1283, § 12 (1972).

In *Farmbest,* the facts were similar to those presented here:

> Plaintiff leased a truck trailer unit to defendant pursuant to the terms of a written lease prepared by the latter. A few days after defendant lessee took possession, the vehicle suffered substantial damage in an accident occurring in Utah. The parties agreed that the casualty and resulting damage were attributable to the sole negligence of defendant's employee driver, and that the cost of restoring the vehicle was $14,377.06. They disagree, however, as to which must bear the expense.

*Farmbest,* 353 F.2d at 279.

At the center of the controversy was a lease provision which the lessee claimed obligated the lessor to bear the expense of repairs. *Id.* at 280. This provision also contained specific language regarding insurance coverage. *Id.* The plaintiff, on the other hand, maintained that the agreement was ambiguous. *Id.* The Federal District Court for the Northern District of Iowa concluded that the provision failed to express a clear intent to exonerate the defendant lessee from liability for its own negligence. *Id.* Relying in part on *Sears,* the Eighth Circuit affirmed.

Sears argued that these provisions clearly cast the risk of loss by fire upon the lessor. The Iowa court was not persuaded, finding the agreement ambiguous.... The provisions requiring the lessor to bear the expense of rebuilding in the Sears case are parallel to the provisions in paragraph four requiring the lessor to repair the vehicle leased in this case. We think that decision is controlling here and requires that the judgment be affirmed.

*Id.* at 281.

In the case before us, rather than any ambiguity, there is a specific provision in the agreement that Humiston is responsible for loss due to its negligence. There is no exoneration; rather, by the terms of the agreement, the loss is placed squarely on Humiston. It matters not whether there was a physical damage coverage provision in the agreement. The finding that Rowley is estopped to deny it agreed to provide physical damage coverage on its trailer does not preclude an action against Humiston for its negligence.

Because the facts as to the issues of negligence and damage are stipulated, we reverse and remand for entry of a judgment of $32,000 in favor of Rowley upon its claim of negligence against Humiston. We affirm the $8,633.91 judgment in favor of Humiston upon its claim for the rental fees against Rowley. We remand for further proceedings involving Humiston's third-party action against Earnest; due to our decision today it is no longer moot.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.