Maxine H. EHRHARDT, Appellant,

v.

PENN MUTUAL LIFE INSURANCE
COMPANY, Appellee.

PENN MUTUAL LIFE INSURANCE
COMPANY, Third Party-
plaintiff,

v.

David G. DEMPSEY, as Trustee of the
Eugene J. Ehrhardt Children's Trust;
Patrick O. Boyle, as Trustee of the Eu-
gene J. Ehrhardt Children's Trust;
David G. Dempsey, as Trustee of the
Eugene J. Ehrhardt Living Trust, Third
Party-defendant.

Maxine H. EHRHARDT, Plaintiff,

v.

PENN MUTUAL LIFE INSURANCE
COMPANY, Defendant.

PENN MUTUAL LIFE INSURANCE
COMPANY, Third Party-
plaintiff-Appellant,

v.

David G. DEMPSEY, as Trustee of the
Eugene J. Ehrhardt Children's Trust;
Patrick O. Boyle, as Trustee of the Eu-
gene J. Ehrhardt Children's Trust;
David G. Dempsey, as Trustee of the
Eugene J. Ehrhardt Living Trust, Third
Party-defendants-Appellees.

Nos. 93–1408, 93–1731.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1993.

Decided April 11, 1994.

Rehearing Denied May 23, 1994.

Alan J. Agathen, St. Louis, MO, argued, for appellant.

P. Terence Crebs, St. Louis, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Following her husband's death, Maxine Ehrhardt (Maxine), claiming entitlement to all proceeds of a life insurance policy on her husband, sought damages from Penn Mutual Life Insurance Company (Penn Mutual) based upon Penn Mutual's alleged erroneous prior distribution of the insurance proceeds to two trusts, three-fourths of the proceeds to a trust benefitting the daughters of the deceased and one-fourth to Maxine, as designated by the insured. In a third-party complaint, defendant Penn Mutual sought indemnification from the trustees, David Dempsey and Patrick Boyle (trustees), in the event of a determination contrary to Penn Mutual's distribution of the insurance proceeds.

The jury in the first trial returned a verdict in favor of Maxine and the trustees.

This court reversed that judgment and remanded the case to the district court for a new trial. *Ehrhardt v. Penn Mut. Life Ins. Co.,* 902 F.2d 664 (8th Cir.) (*Ehrhardt I*), *cert. denied,* 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990). The subsequent trial resulted in a jury verdict for Penn Mutual and the trustees and a dismissal of Maxine's claim. Maxine now appeals from that judgment contending that the entire proceeds of the policy belonged to her.

The pertinent facts stated here derive from the court's prior opinion.

Maxine was a licensed life insurance agent in Missouri working for Penn Mutual. She sold a $200,000 life insurance policy to her husband, Eugene Ehrhardt (Eugene), on July 26, 1982. Maxine was the original owner of the policy. The beneficiaries of the policy were designated as follows: three-fourths of the proceeds to go equally to Eugene's three daughters from a previous marriage; one-fourth to go to Maxine. Thereafter, Maxine twice redesignated herself the owner and redesignated the original beneficiaries.

After Eugene was diagnosed as suffering from leukemia, his behavior became erratic. Fearing disinheritance and mounting medical bills, Maxine requested a change-of-beneficiary form from Penn Mutual. Penn Mutual sent a cover letter[1] and multipurpose blank form 6955. Part I of the form vested all privileges of ownership in the "INSURED" unless otherwise indicated "below." Maxine left this part blank. She filled in Part III by redesignating herself sole primary beneficiary and her two daughters contingent beneficiaries. She signed the bottom of the form under "policyowner" on June 3, 1985. Penn Mutual then changed ownership of the policy to Eugene.

In February 1986, Eugene summoned his attorney, David Dempsey, to his hospital room regarding an estate plan. Maxine was present at the meeting in which a plan

placing the policy proceeds into trust for Eugene's daughters was discussed. Eugene acknowledged that Maxine owned the policy. Eugene decided that he wanted three-fourths of the policy proceeds to go into the children's trust and one-fourth into a living trust for Maxine's benefit. During creation of the trust documents, Dempsey's associate, Robert Kahn, discovered from Penn Mutual that Eugene was the record owner of the policy. Accordingly, on February 14, 1986, Eugene designated the two trusts as beneficiaries of the policy insuring his life. Maxine was present and did not object.

In June 1986, Kahn learned that the Ehrhardts had a prenuptial agreement. In order to avoid conflict with the trusts, a postnuptial agreement was drafted. The postnuptial agreement recognized the living trust as beneficiary of one-fourth of the policy proceeds and stated that Eugene "shall not alter or amend such designation of beneficiary." Both Eugene and Maxine signed the agreement.

When Eugene died, Penn Mutual paid the policy proceeds ($215,317.08) to the trustees: $161,360 for the children's trust; $53,957.08 for the living trust. Maxine then sued Penn Mutual alleging: Count I—breach of contract; Count II—vexatious refusal to pay; and Count III—negligence (in connection with Penn Mutual's treatment of form 6955). Penn Mutual filed a third party complaint against the two trustees. [At the first trial Maxine abandoned Count I and dismissed Count II]. Count III was submitted to the jury which found Maxine twenty percent negligent and Penn Mutual eighty percent negligent and assessed damages against Penn Mutual at $172,253.67 (eighty percent of $215,317.08). The jury returned a verdict against Penn Mutual on its third party complaint.

---

1. The letter provided:
Please find enclosed the necessary form to change the beneficiay [sic] on the above mentioned policy.
Please insert the name, relationship and date of birth of the proposed beneficiary. Please sign the form at the X mark and date it. Please return in the enclosed self-addressed envelope.
If you have any questions, please do not hesitate to call.
*Ehrhardt I,* 902 F.2d at 666–67.

*Ehrhardt I* reversed the judgment entered on the verdict returned for Maxine and the trustees. Upon retrial, the district court at the close of the evidence granted Penn Mutual's motion for judgment of dismissal as a matter of law as to Count I of Maxine's complaint alleging breach of contract. The jury then returned a verdict for Penn Mutual which dismissed Maxine's negligence count (Count III), and for the trustees on Penn Mutual's third party complaint seeking indemnification.

Maxine in her appeal contends that the district court committed numerous errors, including retrying the entire case following remand, dismissing plaintiff's breach of contract claim (Count I) and erroneously instructing the jury. Penn Mutual conditionally appeals, arguing that if judgment in its favor against Maxine is reversed, the judgment for trustees should also be reversed.

Maxine first argues that the district court erred in retrying the entire case anew, on the ground that the court of appeal's remand was limited to allowing Penn Mutual to present its affirmative defense of estoppel and waiver. Maxine asserts that relitigating liability not only was unnecessary but not mandated. Consequently, "Penn Mutual's liability and the amount of damages in this case are conclusively established as the law of the case." Appellant's Br. at 13.

In *Ehrhardt I,* this court concluded the following: (1) that the district court properly admitted parol evidence as Form 6955 was ambiguous as a matter of law; (2) that the district court did not err in failing to enter a judgment notwithstanding the verdict on Maxine's negligence count; (3) that the district court erroneously precluded Penn Mutual from presenting evidence of its waiver and estoppel defense; (4) that the jury should have been instructed on Penn Mutual's affirmative defense based on the postnuptial agreement as set forth in Instruction A; (5) that there was no error in Maxine's verdict director charging Penn Mutual with negligence in providing Form 6955; (6) that no error resulted from the district court's clarifying instruction; (7) that the district court did not abuse its discretion in not changing the amount of damages awarded; (8) that any error resulting from Penn Mutual's preclusion from using a federal tax return to refresh a witnesses' recollection was

harmless; and (9) that it would be unjust for the trustees to retain the insurance proceeds in light of Maxine's unjust enrichment under the verdict. In summary, the court stated:

> [T]he district court's judgment is reversed and the case remanded for a new trial with instructions that Penn Mutual be allowed to submit and argue its waiver and estoppel defense. Having remanded the case in chief, that portion of the district court's order regarding the third party complaint is also reversed and remanded.

*Ehrhardt I,* 902 F.2d at 671.

Because this court, in its opinion in *Ehrhardt I* did not limit its new trial to only certain issues, the trial court properly construed the remand to require a new trial on all issues.

## CONTRACT CLAIM

■ Maxine next asserts that the district court erroneously granted Penn Mutual's motion for judgment as a matter of law on her breach of contract claim. The essence of the claim is that Penn Mutual breached its insurance contract by changing the policy ownership to her husband without her permission. Maxine makes this argument based upon her characterization of the change of beneficiary form as ambiguous. Maxine also contends that the postnuptial agreement is ambiguous, and that consequently the district court erred in taking the contract issue from the jury. Penn Mutual's response focuses on the postnuptial agreement as unambiguously indicating consent to the distribution of insurance proceeds as made by Penn Mutual. In addition, Penn Mutual denies an ambiguity in the change of beneficiary form entitling Maxine to submit the contract claim to the jury.

The postnuptial agreement executed by Maxine and Eugene provides in pertinent part:

> 1. MAXINE H. EHRHARDT agrees that, in the event she survives EUGENE J. EHRHARDT, her entire interest, as surviving wife or widow, in the estate of EUGENE J. EHRHARDT, or any property which he may own or have an interest in at the time of his death, shall be solely and exclusively as provided in the Trust, as amended....
>
> 2. EUGENE J. EHRHARDT has designated the Trust as beneficiary of one-fourth (¼) of the proceeds of the Penn Mutual Life Insurance Company policy 7 206 905, insuring the life of EUGENE J. EHRHARDT....

Exhibits and Jury Instr., at 12.

■ We review the grant of a motion for judgment as a matter of law under the same standard as that for a motion to direct the verdict. A motion for judgment as a matter of law should be granted "'when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.'" *Dace v. ACF Industries, Inc.,* 722 F.2d 374, 375 (8th Cir.1983), *op. adhered to as supplemented by* 728 F.2d 976 (8th Cir.1984) (quoting *Decker–Ruhl Ford Sales, Inc. v. Ford Motor Credit Co.,* 523 F.2d 833, 836 (8th Cir.1975)).

The insurance contract pursuant to the change of beneficiary form made Eugene the owner of the policy. Eugene designated the two trusts as beneficiaries of the insurance policy. Thus, the contract claim fails, unless Maxine can show some ambiguity in either the contract or the postnuptial agreement which provided for division of the policy proceeds—three-fourths to the daughters' trusts and one-fourth to the living trust for Maxine. These instruments, however, are clear and complete. The change of beneficiary form (Form 6955) did not contain ambiguous language but may have failed to properly instruct an insured. That issue presented a negligence claim discussed below. In our view, the district court properly rejected the contract claim as submitted by Maxine.

We further observe that the postnuptial agreement established Maxine's interest in Eugene's property, as a surviving widow, as provided for "solely and exclusively" by the "Trust." The agreement further provided that the "Trust" was beneficiary of one-fourth of the proceeds of the Penn Mutual policy. Our reading of this language leads to one conclusion—the terms of the postnuptial agreement are plain and reasonably susceptible of only one meaning. Accordingly, this agreement does not present any ambiguity.

Thus the district court properly granted Penn Mutual's motion for judgment as a matter of law on Count I.

## INSTRUCTIONS, NEGLIGENCE CLAIM

■ The verdict director instructions in the negligence claim included the following:

### Instruction No. 9

Your verdict must be for plaintiff, Maxine Ehrhardt, against defendant, Penn Mutual Life Insurance Company, on her claim of negligence if you believe:

First, either:

defendant provided plaintiff a form 6955,

or

defendant provided plaintiff a form 6955 and failed to provide her adequate instruction on filling it out for the purpose of changing beneficiary,

or

defendant provided plaintiff a form 6955 and provided improper instructions on filling it out for the purpose of changing beneficiary, and

Second, defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage,

unless you believe plaintiff is not entitled to recover by reason of Instructions Nos. 10 and 11.

### Instruction No. 10

Your verdict must be for defendant Penn Mutual on plaintiff Maxine Ehrhardt's claim if you believe:

First, plaintiff Maxine Ehrhardt believed she was the owner of policy number 7206905 and that her husband, Eugene J. Ehrhardt, was unable to change the beneficiary of the policy, and

Second, after she learned that Eugene J. Ehrhardt intended that the Trusts be the beneficiaries of the policy, plaintiff Maxine Ehrhardt did not communicate to Eugene J. Ehrhardt, the Trustees, or

Penn Mutual her belief that Eugene J. Ehrhardt was unable to change the beneficiary of the policy, prior to Eugene J. Ehrhardt's death, and

Third, Eugene J. Ehrhardt, the Trustees and Penn Mutual relied on plaintiff Maxine Ehrhardt's silence in connection with Eugene J. Ehrhardt's estate plan regarding the Penn Mutual policy.

### Instruction No. 11

Your verdict must be for defendant Penn Mutual on plaintiff Maxine Ehrhardt's claim, if you believe that plaintiff's claimed damages were the direct result of her failure to read the Form 6955 dated June 3, 1985.

Instruction Nos. 9 and 10 contain no error. To the extent that Instruction No. 11 relates solely to causation, the instruction seems correct. To the extent that the instruction would bar Maxine for recovery because of contributory negligence, the instruction could be deemed faulty.

■ Contributory negligence does not apply in Missouri to a negligence action involving only economic loss. *Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1569–70 (8th Cir. 1991). Penn Mutual argues that the district court submitted Instruction No. 11 solely as a converse instruction on causation, not as an affirmative defense to the negligence claim.

The problem facing this court in examining this instruction is that the appellant has not submitted as part of the record on appeal a trial transcript showing where a proper objection had been made to the instructions pursuant to Fed.R.Civ.P. 51. We must assume, under the circumstances, that the district court and counsel understood that this questioned instruction related solely to causation and not to any affirmative defense and that counsel in arguments made clear to the jury its responsibilities. No prejudicial error is shown by the record before us.

While we do not determine that prejudicial error occurred in giving Instruction No. 11, we do not approve the use of such an instruction without clarification in similar future cases.

We have reviewed the other contentions made by plaintiff and determine they are without merit based on the record before us.

Our affirmance renders moot Penn Mutual's appeal of the judgment against the Trustees.

AFFIRMED.