17-2792
Starchikova v. Barr

BIA
A095 476 785/786/788

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand nineteen.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　DENNIS JACOBS,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*

_____

YELENA STARCHIKOVA, AZAD CHIGATEAV, AZIZA CHIGATAYEVA,
　　　　*Petitioners,*

　　v.　　　　　　　　　　　　　　　　17-2792
　　　　　　　　　　　　　　　　　　NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONERS:　　　　Alexander J. Segal, New York, NY.

FOR RESPONDENT:　　　　Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yelena Starchikova, Azad Chigateav, natives of the Soviet Union and citizens of Uzbekistan, and Aziza Chigatayeva, a native and citizen of Uzbekistan, seek review of an August 25, 2017 decision of the BIA denying their motion to reopen their removal proceedings. *In re Yelena Starchikova, Azad Chigateav, Aziza Chigatayeva*, Nos. A 095 476 785/786/788 (B.I.A. Aug. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). A motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that the petitioners' 2017 motion to reopen was untimely because it was filed more than 12 years after their removal

2

order.  *See id.*  The time limitation for filing a motion to reopen does not apply, however, if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  *Id.* § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in declining reopening.  The record reflects that the BIA acknowledged the allegations of deteriorating conditions in Uzbekistan following President Islam Karimov's death in 2016, but reasonably concluded that those allegations did not meet the high burden for reopening because the petitioners did not demonstrate that the unique conditions faced by ethnic Russians or Orthodox Christians are significantly different than at the time of their asylum hearing before the IJ in 2003.  *Id.* (requiring change in country conditions material to asylum claim); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s]

3

the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

The record supports the BIA's conclusion that conditions for ethnic Russians and Orthodox Christians have not worsened since 2003, as the evidence reflects that they simply have not improved over time. *See In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type."); *see also* Certified Administrative Record ("CAR") at 104 (Human Rights Watch report reflecting long history of human rights abuses in Uzbekistan). The petitioners allege that "contempt and intolerance for ethnic Russians" have persisted for years in Uzbekistan and cite societal intolerance for interfaith marriages, but they do not allege that President Islam Karimov's death has resulted in *increased* intolerance. They assert that the change in leadership has precipitated degraded conditions throughout Uzbekistan, but they have not identified changes that particularly affect ethnic Russians or Orthodox Christians. The evidence they proffered, including a State Department report and an affidavit from an expert witness, showed neither

4

a material worsening in conditions afflicting ethnic Russians or Orthodox Christians since Starchikova originally applied for asylum, nor treatment of these groups rising to the level of persecution.  CAR at 104, 124-27, 160, 183.

Moreover, the BIA did not abuse its discretion in finding no changed conditions with respect to the petitioners' imputed political opinion claim.  Petitioners argue that the Uzbek government "treat[s] every Uzbek who has been abroad as a potential terrorist," but their evidence showed only that some men who stayed outside the country for several years were placed on lists for periodic searches and young men living abroad were thought to be Islamic extremists.  And they did not produce any evidence that Chigateav would be perceived as such an individual or that individuals returning from the United States (as opposed to those returning from Egypt or Turkey) would be targeted.  Furthermore, any asylum claim based on the petitioners' status as asylum seekers implicates their personal circumstances, not a change in conditions in Uzbekistan, and does not trigger an exception to the time for reopening. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (differentiating between changed country conditions, which warrant reopening of asylum

proceedings, and changed personal circumstances, which do not). Moreover, although the record reflects that Uzbek citizens who have resided outside of Uzbekistan may be interrogated and monitored, the record does not reflect harm rising to the level of persecution on return to Uzbekistan. *See Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013) (reasoning that "other governments' restraints on personal autonomy strike us as oppressive" but may not support an asylum claim) (internal quotation marks omitted); *In re S-Y-G-*, 24 I. & N. Dec. at 258 (holding that proffered evidence must be material and must support prima facie case for asylum).

Finally, the BIA reasonably concluded that the petitioners did not establish that Chigateav would face persecution for allowing his daughter to be baptized and raised as a Christian. Although the 2003 country conditions evidence shows that those who sought to convert Uzbek Muslims to Christianity may have been subjected to societal harassment or government monitoring, the new evidence does not reflect such treatment, much less a material worsening of conditions. The petitioners point to their expert witness's statement. But the expert stated that Chigateav would face

"cultural ostracism" without identifying harm rising to the level of persecution or a change in conditions as needed to excuse the time limit. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41 (2d Cir. 2006); *Jian Hui Shao*, 546 F.3d at 168 (reasoning that, for motions to reopen, aliens "carry the heavy burden of demonstrating that the proffered new evidence would likely alter the result" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7