Esperanza-Hernandez v. Garland

BIA
Christensen, IJ
A206 883 420

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-one.

PRESENT:
            DENNIS JACOBS,
            ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                *Circuit Judges.*

_____

MARIA ESPERANZA-HERNANDEZ,
            *Petitioner*,

            v.                                    19-1550
                                                  NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Bruno Joseph Bembi, Esq.,
                       Hempstead, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Holly M. Smith,
                       Senior Litigation Counsel; Nehal
                       H. Kamani, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Esperanza-Hernandez, a native and citizen of El Salvador, seeks review of a May 15, 2019, decision of the BIA affirming a January 31, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Esperanza-Hernandez*, No. A206 883 420 (B.I.A. May 15, 2019), *aff'g* No. A206 883 420 (Immig. Ct. N.Y. City Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, which affirmed the IJ's decision without reaching all of the reasons given by the IJ. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195-96 (2d Cir. 2014).

2

To establish eligibility for asylum and withholding of removal, an applicant must show that she suffered past persecution, or has a well-founded fear or likelihood of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A). We find no error in the agency's determination that Esperanza-Hernandez failed to establish past persecution or a well-founded fear of future persecution on account her membership in a particular social group. 8 C.F.R. § 1208.13(b)(1)-(2) (petitioner must show a nexus to a protected ground to establish past persecution or well-founded fear of future persecution).

Even assuming arguendo that the Petitioner testified credibly and that her proposed social group is cognizable, Esperanza-Hernandez's claim fails, because the BIA reasonably concluded that she failed to establish that the threats she received and harm she feared were or would be on account of her membership in her proposed social group of "[w]omen who do not have security in [El Salvador] and are targeted by the [gangs]," Certified Administrative Record ("CAR") 104. The IJ found that the Petitioner "has not shown that [she was

3

persecuted] for any reason other than [a gang's] ongoing criminal efforts." CAR 39. The BIA affirmed the IJ's decision, holding that "there is no clear error in the [IJ's] findings of fact regarding motive." CAR 3. On appeal, Esperanza-Hernandez does not point to any evidence in the record that would compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

Because Esperanza-Hernandez failed to establish a nexus to a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A). Esperanza-Hernandez abandoned her CAT claim by not raising it in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4