Edgar MERRIFIELD, Appellant,

v.

Claudia TROUTNER, f/k/a Claudia Merrifield, Appellee.

No. 60208.

Supreme Court of Iowa.

Aug. 30, 1978.

Patricia A. Shoff and Andrew J. Sonderman, of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

Amanda M. Dorr of Payton & Hearn, P. C., Des Moines, for appellee.

HARRIS, Justice.

This is one in a series of appeals in which we have been asked to consider the effect of claimed acquiescence as a bar to enforcing child support payments. The trial court held there was no bar. The court of appeals affirmed and we agree.

Edgar Merrifield (Edgar) and Claudia Troutner (Claudia) were married in 1957 and divorced in 1962. Their two children have now reached majority.

At the time of the divorce Claudia was given custody of the children and Edgar was ordered to pay $18 per week child support.

Edgar made payments for about a year before he was laid off work. Claudia had then remarried and agreed with Edgar he need no longer make child support payments unless she should get into "a bind." From 1963 to 1976 Edgar made no support payments although during most of the period he was employed and enjoyed visitation

rights. During two summers the children lived with Edgar.

Edgar again began making payments after receiving a demand contained in a letter from Claudia's attorney. In another letter the attorney advised Edgar he owed about $13,000 in back child support. In September of 1976 Claudia garnished Edgar's wages. Thereafter the parties entered into a written agreement providing the garnishment should be stopped and that Edgar could litigate the amount he was in arrears.

This action for declaratory judgment was filed on a theory of what was called equitable estoppel seeking a declaration Claudia was barred from collecting the back payments. The trial court found no estoppel and dismissed Edgar's action. On appeal a majority of the court of appeals found Edgar had not shown he was materially prejudiced by Claudia's delay in enforcing her right to previously accrued child support. A minority of the court of appeals argued a requirement of showing material prejudice applies only to the defense of laches, not to equitable estoppel. The minority would have reversed the dismissal.

I. After submission of this case on appeal we filed our opinion in *Davidson v. Van Lengen*, 266 N.W.2d 436 (Iowa 1978). In *Davidson*, after reviewing *Anthony v. Anthony*, 204 N.W.2d 829 (Iowa 1973) and *Cullinan v. Cullinan*, 226 N.W.2d 33 (Iowa 1975), we recognized the distinction drawn by the minority opinion of the court of appeals. In *Davidson* our majority held prejudice is a necessary element for a showing of *laches* offered to bar a stale claim for back support. Our majority held prejudice was not required, however, as an element of *equitable estoppel* offered as such a bar.

Edgar argues in light of *Davidson*, supra, the absence of prejudice is completely immaterial to his equitable estoppel claim. He argues Claudia's long delay is alone sufficient to bar her tardy effort to collect the back child support. But we believe Edgar is not in a position to assert our rule in *Davidson*.

II. We should note the use of the term equitable estoppel in connection with Edgar's claim is something of a misnomer. In fairness such a term might be traced directly to language in our opinions previously cited. Nevertheless Edgar's claim should more properly be described as one of promissory estoppel.

■ We defined the elements of promissory estoppel in *Johnson v. Pattison*, 185 N.W.2d 790, 795 (Iowa 1971): " * * * (1) a clear and definite oral agreement; (2) proof that plaintiff acted to his detriment in reliance thereon; and (3) a finding that the equities entitle plaintiff to this relief. * * *."

■ The characteristics of equitable estoppel are equally well settled: " * * * (1) a false representation or concealment of material facts; (2) lack of knowledge of true facts on part of actor; (3) intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury. * * *." *Walters v. Walters*, 203 N.W.2d 376, 379 (Iowa 1973).

Confusion of the two concepts is not rare. Williston explains:

" * * * Some courts have sought to apply the principle of estoppel to the formation of contracts, where, relying on a gratuitous promise, the promisee has suffered detriment. Since he relies on a promise and not on a misstatement of fact, the term 'promissory' estoppel or something equivalent should be used to mark the distinction. * * *." Williston on Contracts, § 140, pp. 607–609 (Third Ed. 1958).

We recognized the distinction and possible confusion in *Miller v. Lawlor*, 245 Iowa 1144, 1154, 66 N.W.2d 267, 273 (1954):

" * * * [Defendant] argues however that 'plaintiff has failed to prove the following essential elements of estoppel: (1) A clear and definite oral agreement; (2) That plaintiff acted to his detriment *solely* in reliance on said agreement; (3) That plaintiff was without knowledge of the real facts; (4) False representation or concealment of material facts; (5) That a weighing of all the equities entitles plaintiff to the equitable relief of estoppel.' It is apparent

(3) and (4) are not applicable to promissory estoppel where plaintiff relies on a promise rather than a misrepresentation of fact. There were here no unknown *facts* to be misrepresented or concealed." (Emphasis in original.)

III. It is not necessary for us to base our affirmance on the distinction between the doctrines. Edgar fails under either theory. Edgar cannot rely on promissory estoppel because he has not shown he relied to his detriment upon any promise made by Claudia. Neither can Edgar rely on equitable estoppel because he has not shown any false representation or concealment of any material facts by Claudia. Nor did he show any reliance to his prejudice and injury.

The trial court was right in dismissing Edgar's petition.

IV. We should point out the importance of one fact common to *Anthony*, to *Davidson*, and indeed to this case. None could be disposed of on the basis of the children's present necessities. In each case the children had grown to maturity and were emancipated. We have never suggested parents can, by private contract between themselves, countermand a court-ordered child support obligation which might to any extent affect the rights of the children. Our holdings in *Anthony* and *Davidson* should be read in this light. The children and their own best interests were not involved.

AFFIRMED.

All Justices concur except REYNOLDSON, C. J., who concurs in the result and ALLBEE and McGIVERIN, JJ., who take no part.