Francis C. BRICKER, James J. McNeer, Clell F. Morrison, Robert J. Naisbitt, and Ralph E. Wright, Appellees,

v.

The MAYTAG COMPANY, Appellant.

No. 89–241.

Supreme Court of Iowa.

Jan. 24, 1990.

Rehearing Denied Feb. 16, 1990.

Ronald L. Sutphin and Steven K. Gaer of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellant.

Charles E. Gribble of Sayre & Gribble, and William A. Wickett of Mark H. Goodrich & Associates, P.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

Plaintiffs are five former long-time employees of defendant Maytag Company who were misled to their considerable disadvantage by a company official regarding their benefits under a company retirement plan. In selecting a remedy with which to seek recovery for their losses they chose to pass their federal statutory rights under the Employees' Retirement Income Securities Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Rather than seek any recoupment from or rights under the company's retirement plan the employees sued the company itself under a theory of equitable estoppel. The central issue is whether this action is precluded by the preemption provisions of ERISA. The trial court determined there was no preclusion and we agree.

Each of the plaintiffs had more than thirty years of service with Maytag and each was considering retiring under the company's "thirty-and-out" rule when the controversy arose. Prior to June 1, 1986, the plaintiffs were working under a collective bargaining agreement which was to terminate May 31, 1986 (the parties refer to this as the "old contract"). A new bargaining agreement was being negotiated and was ratified on May 31, 1986 (referred to as the "new contract").

Each employee met with Maytag's retirement specialist at least twice before deciding to retire. The specialist had worked for the company for thirty-seven years; for the past twenty-seven years she was Maytag's only retirement specialist. The specialist told the employees they could retire under either the old contract or the new contract (whichever was better) if they did so on May 31, 1986. In reliance on these representations the plaintiffs retired on May 31, 1986. All desired to retire under the new contract because it provided for substantially higher monthly benefits. The following day the retired employees learned the new contract did not go into effect until June 1, 1986, and they were therefore considered retirees under the old contract. If they had opted to retire after one more nonwork day their retirement benefits would have been under the "new contract." This action followed.

I. Plaintiffs originally alleged a separate count for negligence and reckless misrepresentation and demanded a jury. Maytag moved to have the equitable estoppel theory tried in equity but this motion was never ruled upon. Plaintiffs later agreed to a bench trial.

Although Maytag disputes the point it is clear that the trial itself was conducted

in the manner of a law action, not an equitable action. This being true our scope of review is on error. *Citizens Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982) (We consider and review a case on appeal in the manner it was treated at trial.). We do not in any way suggest that on a de novo review our findings of fact would differ from those of the trial court.

■ II. Equitable estoppel is a doctrine invoked to avoid injustice. *Iowa–Illinois Gas & Elec. v. State Commerce Comm'n*, 412 N.W.2d 600, 606 (Iowa 1987) (citing *Heckler v. Community Health Serv. of Crawford City, Inc.*, 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42, 51 (1984)). We have stated that:

> [t]he foundations of the doctrine are "public policy, fair dealing, good faith and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments, to the injury of one to whom they were directed, and who reasonably relied thereon."

*Johnson v. Johnson*, 301 N.W.2d 750, 754 (Iowa 1981) (citations omitted).

The elements of equitable estoppel are:

1. A false representation or concealment of material facts;

2. A lack of knowledge of the true facts on the part of the actor;

3. The intention that it be acted upon; and

4. Reliance thereon by the party to whom made, to his or her prejudice and injury.

*Fernandez v. Iowa Dep't of Human Servs.*, 375 N.W.2d 701, 708 (Iowa 1985). The party asserting estoppel has the burden of establishing each of the elements by clear, satisfactory and convincing proof. *Manson State Bank v. Diamond*, 227 N.W.2d 195, 201 (Iowa 1975).

The facts we have described were shown by clear and convincing evidence, and satisfied the elements of equitable estoppel.

■ III. The most troublesome question in the case is Maytag's assertion that plaintiffs' claims are preempted by ERISA. "ERISA is a comprehensive statute designed to promote the interests of employ-ees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490, 497 (1983). The policy behind the passage of ERISA is intended:

> to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b) (1989).

We agree with Maytag that both retirement plans here qualify as "employee benefit plans" or "pension plans" as defined by ERISA. *See Alessi v. Raybestos–Manhatten, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402, 416 (1981) (through ERISA congress meant to establish pension plan regulation as exclusively a federal concern).

The preemptive aspects of ERISA (29 U.S.C. § 1144(a)) were described in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Since then courts have struggled with only modest success to draw a line between state actions which directly relate to an ERISA plan (preempted) and those which only indirectly do so (not preempted).

In *Davis v. Ottumwa YMCA*, 438 N.W.2d 10, 12–13 (Iowa 1989), we acknowledged the sweeping preempting effect that ERISA has over pension plans. Plaintiffs in this case argue however that the ERISA preemption rule does not affect their claims because they brought this action against their employer and not the benefit plan, administrator of the plan, or the fiduciaries of the benefit plan as required for an ERISA preemption. In *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), the court concluded that, where a state law creates no prospect that an employer will face difficulty in operating a unified administrative

scheme for paying benefits, and presents no risk that an employer will evade or a state will dislodge federal ERISA requirements, preemption is not mandated. Under those circumstances, a state law does not "relate to" an employee benefit plan. *Fort Halifax*, 482 U.S. at 18, 107 S.Ct. at 2221, 96 L.Ed.2d at 16.

We think the involvement with ERISA in the present case is indirect. No pension funds are implicated; indeed Maytag could not use pension funds to retire this company obligation. *See Martori Bros. Distrib. v. James–Massangale*, 781 F.2d 1349, 1358 (9th Cir.1986). The present case is analogous to *Greenblatt v. Budd Co.*, 666 F.Supp. 735 (E.D.Pa.1987). There the court held preemption was not mandated in an action brought directly against the company for misrepresentation regarding a pension plan. The court explained:

> The cause of action for misrepresentation alleged by the plaintiff ... should not be preempted because, simply put, the premise underlying this action was that plaintiff was deceived by the verbal statements made and the actions taken by his employer. That the subject of the deception concerned pension benefits is only incidental and not essential to the plaintiff's cause of action. Like promises for a raise in salary, a promotion, or the use of tickets to a baseball game, plaintiff's employer's promise to provide the plaintiff with certain benefits at some unknown time in the future, upon which plaintiff could reasonably rely, is the essence of the fraud alleged.

*Id.* at 742.

The subject of this action relates to Maytag's employment benefit plans only indirectly. The trial court was correct in concluding it therefore was not preempted by ERISA.

IV. We also find no merit in Maytag's contention that the award of damages amounted to an oral modification of an employee benefit plan. ERISA expressly requires that employee benefit plans be established and maintained pursuant to a written agreement. 29 U.S.C. § 1102(a)(1). Maytag relies on *Degan v. Ford Motor Co.*,

869 F.2d 889 (5th Cir.1989), and *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir. 1986). Like the trial court we think the ERISA prohibition against oral modification of a pension plan relates only to the plans. It does not preclude actions, such as the present one, brought directly against the company itself.

AFFIRMED.