In re the MARRIAGE OF Sabrina
YANDA and Rick Yanda.

Upon the Petition of Sabrina Yanda,
Petitioner–Appellant,

And Concerning Rick Yanda,
Respondent–Appellee.

No. 93–0300.

Court of Appeals of Iowa.

Dec. 14, 1994.

Barry S. Kaplan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellant.

Nancy L. Burk, Toledo, for appellee.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

Petitioner-appellant Sabrina Yanda and respondent-appellee Rick Yanda were divorced in August 1981. Custody of their minor child, Christina, born to Sabrina on August 19, 1973, and adopted by Rick in 1979, was awarded to Sabrina. Rick was ordered to pay child support of $200 a month. In December 1992, Rick filed an action asking

Sabrina be directed to file an affidavit of satisfaction or acknowledgment of support and reimburse him for monies taken from his wages by way of garnishment and paid to her. The trial court granted Rick the relief he requested, and this appeal follows. Sabrina contends the trial court incorrectly found Rick current on child support and erred in ordering her to file an affidavit of satisfaction of judgment. We affirm the decision of the trial court on other grounds.

The child in question is now of legal age. At the time Rick filed the application, he was under a mandatory income withholding order and his delinquency was determined to be between $17,000 and $20,000.

The facts do not seem to be in serious dispute. The dissolution was entered August 21, 1981, and, in June, 1982, Sabrina, Rick and their minor child again began living together. The three continued to live together until 1990.

Rick had initially made child support payments through the clerk of court but stopped sometime in 1982.

From 1982 to 1990, Rick, Sabrina, and Christina functioned as a family. The home they lived in was Rick's. Rick purchased a car for Sabrina. Rick provided Christina's medical insurance through his employer and paid her bills not covered by insurance. He paid for the groceries and the school lunch tickets. Rick bought furniture for himself and Sabrina; paid for the house appliances and furnace repairs; paid real estate taxes on the home where they were living; bought books and paid for Christina's school activities; and he paid for electricity, heating fuel, telephone service, and cable service. Sabrina worked outside the home at Pizza Hut for several years. She subsequently opened a bar with a $6000 loan from Rick. The loan has not been repaid, and Rick made an attempt to offset it against the amount Sabrina claims he owes. Rick's testimony he paid all the household bills was supported by the admission of canceled checks and copies of tax returns filed in these years where he filed as a single person and showed Christina

residing in his home. Sabrina presented no evidence and did not testify. There is no evidence Sabrina supported Christina during the period for which she is claiming child support.[1]

While not denying Rick's testimony as to expenses he paid, Sabrina claims she is entitled to child support for this period because Rick failed to make child support payments through the clerk of court.

Sabrina does not on appeal deny Rick supported her and Christina. She correctly advances, because the payments were not made through the clerk of court, the child support arrearage is shown as an unpaid judgment against Rick. Sabrina points out this is the first time Rick has sought court intervention to reduce, eliminate, or satisfy the payments.

The trial court looked to Iowa Code section 598.22A which, in part, provides:

Notwithstanding sections 252B.14 and 598.22, support payments ordered pursuant to any support chapter for orders entered on or after July 1, 1985, which are not made pursuant to the provisions of section 252B.14 or 598.22, shall be credited only as provided in this section.

1. For payment made pursuant to an order, the clerk of the district court or collection services center shall record a satisfaction as a credit on the official support payment record if its validity is confirmed by the court upon submission on an affidavit by the person entitled to receive the payment, after notice is given to all parties.

Iowa Code § 598.22A (1991).

The trial court found it would require Sabrina to file an affidavit that the support had been paid because to do otherwise would force Rick to pay the money twice and work a fraud on the system by collecting child support in payment in kind from Rick during Christina's minority and, by refusing to file the affidavit, Sabrina would duplicate these payments for her own benefit now that the child has reached her majority.

1. It appears Rick began paying through a wage assignment the $200 a month after Sabrina and Christina moved out. Rick did not seek the satisfaction of judgment until Christina reached her majority.

Sabrina does not argue the factual conclusions made by the trial court are not correct, rather, she argues the only result the statutory and case law provide is she can collect the judgment. Sabrina contends Iowa Code section 598.22 and *In re Marriage of Caswell*, 480 N.W.2d 38 (Iowa 1992), support her position and the court has no choice but to allow her to collect the support. In *Caswell*, the Iowa court said:

> A statutory exception to the proviso for payments to be made to the clerk of the district court or the collection services center is provided by section 598.22A(1). That section provides for a credit on the official support payment record if a payment is confirmed by the court upon submission of an affidavit by the person entitled to receive the payment. But with this exception, section 598.22 regarding the record-keeping for support payments is clear. Payments made to individuals or entities other than the clerk of court or the collection services center will not be deemed a credit on the official support payment record. In accordance with well-established principles of statutory interpretation, a statute must be construed to give effect to its plain language.

*Id.* at 40.

We agree with Sabrina that in nearly all cases the rule of *Caswell* should apply. However; since its holding in *Caswell*, the Iowa court has, in a fact specific instance, allowed a claim of equitable estoppel to satisfy child support not satisfied in accordance with section 598.22. *See In re Marriage of Harvey*, 523 N.W.2d 755, 756 (Iowa 1994).

In *Harvey*, 523, N.W.2d at 756, the court applied, under the special circumstances of the case, the doctrine of equitable estoppel to bar a mother from recovering past child support for a period the child lived with and was supported by the father. In doing so, the court recognized the mother's argument that strong public policy supports section 598.22 and the courts should be loath to sort through numberless disputed claims of undocumented private agreements concerning support obligations and so important a matter as child support should be fixed and authorized by court order. *Id.* In *Harvey*,

the court made four specific findings that, at least in part, indicate its decision to, in unique circumstances, apply the promissory estoppel doctrine to bar collection of child support. *Id.* at 757. These findings included the fact the claimed arrearage was for a period during which the father provided all the child's support; the support provided by the father exceeded the amount of his obligation under the court order; the mother agreed the child support obligation be satisfied in this manner; and, because the child was then an adult, the amounts sought to be recovered would not inure for the child's support but solely to the mother's benefit. *Id.*

Here, Rick has provided all of Christina's support, the support he provided exceeded the amount of his obligation under the court order, and, because the child is now an adult, any amount now recovered would not inure to Christina's benefit, but to Sabrina's.

The factual differences between this case and *Harvey* are, in this case, Rick supported, during the period the support accrued, not only the child but also supported Sabrina and, rather than agreeing that Rick would not make the payments to the clerk, it was agreed he would make them but Sabrina would not cash the checks and she did not for a period of time. Rick said he stopped sending the checks when, during an argument, Sabrina threatened to cash them. This is clear evidence of Sabrina's agreement not to collect support during the period she and Christina lived with and were supported by Rick.

This case is distinguishable from *Caswell* because, in *Caswell*, it was clear the payee was supporting the children and it was merely a case of asking for credit for certain payments.

This is not a question of one of several payments or a disagreement of amount of payments. This is a question of whether the law requires Rick to pay substantial support as in *Harvey* (where father provided all support for the child during the period from January 1989 to July 1992) to the mother of his adult child when the only conclusion that

can be drawn is Rick supported Christina during the time the judgment occurred and Sabrina did not. We do not envision the legislature, in passing section 598.22, would intend it support the unfair result Sabrina urges.

The parties and the trial court did not have the benefit of *Harvey* when this case was tried. The trial court clearly attempted to fashion that remedy which it thought resolved the inequity of allowing Sabrina to rely on a statute to obtain a clearly inequitable result.

We are bound to affirm the trial court for any reason whether argued or not. *See State v. Vincik,* 436 N.W.2d 350, 354 (Iowa 1989). If a basis exists for affirming the trial court, we will do so regardless of whether that basis was relied upon by the trial court. *Quigley v. Wilson,* 474 N.W.2d 277, 280 (Iowa App.1991). We are obligated to affirm an appeal whereby any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding. *Fankell v. Schober,* 350 N.W.2d 219, 223 (Iowa App.1984).

We determine the facts of this case support a clear finding the doctrine of equitable estoppel should be applied to preclude Sabrina from collecting the child support judgment. We affirm the trial court on this basis. The trial court was correct in finding Rick should not have to pay Sabrina child support for the period he supported she and Christina. We affirm.

**AFFIRMED.**

HAYDEN, P.J., concurs.

CADY, J., dissents.

CADY, Judge (dissenting).

I respectfully dissent. While I applaud the sense of fairness exhibited by the majority, we are confined to apply the law as set forth by our legislature. The result reached by the majority is clearly contrary to Iowa Code section 598.22 (1993). *See In re Marriage of Caswell,* 480 N.W.2d 38 (Iowa 1992). It also jeopardizes the important underlying policies of the governing statute. *Id.* The facts of this case engender support for the

father's position, but the facts of the next case may not be so compelling. There is no bright demarcation between the equities on both sides, except as drawn in section 598.22.

Finally, the facts of this case do not support the agile reliance by the majority on the doctrine of equitable estoppel. We apply the doctrine of equitable estoppel to cases involving the recovery of past child support only under the most compelling circumstances. *Harvey v. Harvey,* 523 N.W.2d 755, 756 (Iowa 1994). In this case, the record does not support the essential finding of a clear and definite oral agreement that Rich would not have to pay child support during the period Christina lived with him. To the contrary, Rick testified he and Sabrina never talked about child support during the time they lived together. Moreover, Rick's testimony that he stopped paying child support into the clerk of court after Sabrina threatened to start cashing his child support checks supports the lack of an agreement. The majority extends *Harvey* well beyond its narrow parameters.

I would reverse.