# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2729

_____

|  |  |  |
|---|---|---|
| Walter Neely and Loretta Neely, | * | |
| | * | |
| Plaintiffs - | * | Appeal from the United States |
| Appellants, | * | District Court for the |
| | * | Northern District of Iowa |
| v. | * | |
| | * | [PUBLISHED] |
| American Family Mutual Insurance | * | |
| Company, | * | |
| | * | |
| Defendant - Appellee. | | |

_____

Submitted: March 12, 1997
Filed: September 8, 1997

_____

Before McMILLIAN, FLOYD R. GIBSON, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Appellants Walter and Loretta Neely obtained a default judgment against the Christian Life Fellowship Church (the "Church") for injuries Walter sustained while attempting to light the Church's boiler. Appellee American Family Mutual Insurance Company ("American Family") provided liability insurance to the Church, but refused to defend the Church against the Neelys' suit because Walter was an "insured" under the policy and therefore excluded from coverage. The Neelys then filed suit against American Family seeking to enforce the Church's liability insurance policy. A jury

determined that Walter, as an executive officer and director of the Church, was excluded from coverage under the policy, but that the doctrine of promissory estoppel nonetheless subjected American Family to liability. American Family filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), which the district court[1] granted. See Neely v. American Family Mut. Ins. Co., 930 F. Supp. 360, 375 (N.D. Iowa 1996). The district court also denied the Neelys' request for a new trial. See id. at 377. The Neelys[2] appeal the district court's decision, and we affirm.

## I. BACKGROUND

Walter and Loretta Neely were pastors of the Church. Walter claims that he stepped down from his position as Church president in March of 1990. However, in a letter dated February 13, 1991, Walter informed the Church's Board of Directors that he wished to stop receiving a salary, but he did not intend to stop serving as the Senior Pastor of the Church. The letter stated that "[t]his is in no way a letter of my resignation from being the Senior Pastor and Chairman of this local body. . . . I will still hold the offices of Senior Pastor and Chairperson of all functions of the [C]hurch." American Family's App. at 233.

On May 4, 1991, Walter attempted to light the Church's boiler to heat the building for the next day's services. The boiler exploded causing Walter to suffer severe injuries. The Neelys recovered a default judgment against the Church for over

---

[1]The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa.

[2]Loretta Neely's sole claim against the Church was a derivative claim for loss of consortium. When the district court determined that Walter was not entitled to collect insurance from American Family, it rejected Loretta's claim as well, as it was entirely derivative of Walter's claim.

$800,000. When the Church failed to pay the award, the Neelys brought a claim against American Family as the Church's liability insurance provider.

American Family claimed that the insurance policy excluded Walter from coverage because he was an insured under the policy. The policy defined an "insured" as:

1.      If <u>you</u> are shown in the declarations as:

*         *         *

c.      an organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, <u>but only with respect to their duties as your officers or directors</u>. Your stockholders are also insureds but only with respect to their liability as stockholders.

American Family's App. at 212 (emphasis added). Apparently, the Church never received a copy of the policy which included this language, and members of the Church testified that they were unaware of the limitation. One of the Church's assistant pastors testified that he told American Family's agents that he wanted "everyone and everything" included in the policy.

After a jury found that the Neelys could recover from American Family based on a theory of promissory estoppel, the district court determined that the Neelys failed to produce sufficient evidence to establish American Family's liability under the doctrine of promissory estoppel. Therefore, the district court set aside the jury's

finding of promissory estoppel and entered judgment as a matter of law in favor of American Family. <u>See</u> <u>Neely</u>, 930 F. Supp. at 375.

The Neelys moved for a new trial pursuant to Fed. R. Civ. P. 59. They claimed that Walter was not an "insured" under the policy because he was not acting in his capacity as a director of the church when he attempted to light the boiler. The district court determined that the jury's findings regarding Walter's status as a director were not against the greater weight of the evidence. Therefore, the court denied the motion for a new trial.

The Neelys appeal claiming that the district court committed error by granting American Family's motion for judgment as a matter of law because the evidence supported the jury's finding of promissory estoppel. The Neelys also contend that the district court abused its discretion by denying their motion for a new trial. We affirm.

## II.    DISCUSSION

The jury in this case determined that Walter was an executive officer or director of the Church, acting within the scope of his duties as such, when he attempted to ignite the boiler. Thus, the Church's liability insurance policy excluded him from coverage as an "insured." However, the jury also found that the doctrine of promissory estoppel required American Family to satisfy Walter's default judgment against the Church. To establish promissory estoppel under Iowa law, a plaintiff must prove "(1) a clear and definite oral agreement; (2) proof that plaintiff acted to his detriment in reliance thereon; and (3) a finding that the equities entitle plaintiff to [the] relief." <u>In re Harvey,</u>

523 N.W.2d 755, 756-57 (Iowa 1994) (citation and quotation omitted). The jury found that Walter met the first two elements, and the court determined that he met the third.[3]

Following the jury's determination, American Family filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), arguing that the Neelys' evidence did not adequately establish the elements of promissory estoppel. The district court agreed with American Family's argument, specifically concluding that the evidence did not prove the existence of a clear and definite oral agreement. See Neely, 930 F. Supp. at 371-75. The court consequently entered judgment as a matter of law in favor of American Family. See id. at 375. "A motion for judgment as a matter of law should be granted when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Ehrhardt v. Penn Mut. Life Ins. Co., 21 F.3d 266, 269 (8th Cir. 1994) (per curiam) (citations and quotations omitted). The district court provided a thorough and detailed analysis on the law of promissory estoppel and its application to the facts of this case. See Neely, 930 F. Supp. at 369-75. After a thorough review of the record and the applicable law, we conclude the district court correctly determined that the Neelys failed to establish the existence of a clear and definite oral agreement, and therefore properly entered judgment as matter of law on the Neelys' promissory estoppel claim. Because the district court opinion so thoroughly addressed this issue, we feel that further elaboration is unnecessary. See Neely, 930 F. Supp. at 369-75.

---

[3]The jury instructions required the jury to determine whether the Neelys proved the first two elements of promissory estoppel. After the jury found that those elements were established, the court determined that the Neelys prevailed on the third element of the claim.

The Neelys also argue that American Family is estopped from relying on the clause in the contract which excludes an "insured" from coverage because American Family failed to deliver that clause to the Church. The Neelys do not make it entirely clear whether this argument relates to the doctrine of promissory estoppel or equitable estoppel. Under each theory, however, the Neelys' argument must fail. To prevail under the theory of promissory estoppel, as stated above, one must establish the existence of a clear and definite oral agreement. See Harvey, 523 N.W.2d at 756. As discussed at length in the district court's opinion, the Neelys did not establish that American Family and the Church had a clear and definite oral agreement that an insured would be covered under the policy. See Neely, 930 F. Supp. at 371-75. Therefore, American Family's failure to deliver the insurance policy does not create liability under the doctrine of promissory estoppel.

The Neelys also attempt to defend the motion for judgment as a matter of law by claiming that American Family's failure to deliver the exclusionary clause equitably estops it from enforcing that clause. Under the doctrine of equitable estoppel, a plaintiff must establish "by clear and convincing evidence a false representation or concealment of material [terms] by American Family, lack of knowledge on the part of the [Church], intention by American Family that the representation or concealment be acted on, and reliance by the [Church] to [its] prejudice." Morgan v. American Family Mut. Ins. Co., 534 N.W.2d 92, 100 (Iowa 1995). The Neelys have not established that American Family should be equitably estopped from enforcing the exclusionary clause because even assuming all the other elements of the claim were met, the Neelys have made no showing whatsoever that American Family intended "that the representation or concealment [of material terms] be acted on" by the Church. Morgan, 534 N.W.2d

at 100. We therefore reject the Neelys' contention that American Family's failure to deliver the insurance policy estops it from enforcing the exclusionary clause.[4]

We likewise affirm the district court's decision to deny the Neelys' motion for a new trial on their claim that Walter Neely was not acting within his duties as an executive officer or director of the Church when lighting the boiler. Again, because the district court has provided a very thorough discussion of this issue, see Neely, 930 F. Supp. at 376-77, we see no need to elaborate.

III.     CONCLUSION

For the reasons set forth in this opinion, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]While the failure to deliver an exclusionary clause could result in enforcement problems in some circumstances, the Neelys have not shown that under Iowa law, the failure to deliver an exclusionary clause results in the per se inability to enforce the clause, nor do we believe that Iowa law supports such a conclusion.