**Michael PETERSON, Appellee,**

v.

**James W. BOTTOMLEY and Janice E. Bottomley, Appellants.**

No. 97–130.

Supreme Court of Iowa.

July 29, 1998.

Joseph J. Bitter, Dubuque, for appellants.

Scott J. Nelson of Hammer, Simon & Jensen, Dubuque, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Defendants, James and Janice Bottomley, who sold a residential property in Dubuque to plaintiff, Michael Peterson, appeal from a judgment awarding Peterson damages for the Bottomleys' failure to disclose certain

known defects in the property. The only issue that we consider on appeal is whether the trial court could properly establish the liability of the sellers by relying on the requirements of Iowa Code chapter 558A (1995). The defendants claim that the court could not because the applicability of those statutes was never asserted by the plaintiff and was neither expressly nor impliedly an issue in the case. Because we agree with that contention, we reverse the judgment of the district court.

In March 1994 the Bottomleys listed for sale the property in question. They had acquired it in 1988 and, along with other properties they own, utilized it for rental income. James Bottomley performed some of the maintenance on the property and claims to have regularly inspected it prior to its listing and ultimate sale to Peterson.

At the time of the listing, James Bottomley filled out a real estate disclosure statement. In response to the statement's provision addressing evidence of water in the basement, Bottomley wrote "unknown." In August 1994 the roof on this house suffered hail damage. The Bottomleys collected $1670 from their insurance carrier for the hail damage but never repaired the roof prior to selling the house to Peterson in March 1995. They made no disclosure to Peterson concerning the roof damage.

The house was located on a hill, and after taking possession, Peterson discovered that when heavy rains occurred water flowed into the crawl space beneath the first floor of the residence. He later discovered that this crawl space moisture had caused the rotting of the floor joists. Evidence offered at trial indicated that replacing the floor joists would cost between $6000 and $10,000. Structural and landscaping alterations required to prevent seepage of water into the crawl space would cost an additional $7000.

In October 1995 Peterson brought this action against the Bottomleys alleging in separate counts of his petition legal theories involving (1) negligent misrepresentation, (2) breach of a duty of good faith and fair dealing, (3) equitable fraud, (4) constructive fraud, and (5) fraudulent concealment. He sought alternative remedies of rescission of the sale or compensatory damages. Bottomleys denied that they were aware of a water problem in the crawl space or rotting floor joists. They claimed that the condition of the roof was ascertainable by inspection and that the property was sold "as is" as far as the condition of the roof was concerned.

The court found that Peterson did not prove any of the common-law claims that had been pleaded. Notwithstanding that conclusion, it found that the Bottomleys were liable for damages based on their noncompliance with the disclosure requirements of Iowa Code chapter 558A, which had become effective on July 1, 1994. The court found that the Bottomleys had violated those requirements by failing to make an adequate disclosure concerning evidence of water in the basement and damage to the roof. It awarded Peterson damages in the sum of $5170.

In its written decision, the district court observed that "the plaintiff pled several causes of action, none of which was contract or the damages under section 558A.6." Although plaintiff had argued for a breach-of-contract recovery, the court refused to consider that contention on the basis that it had not been pleaded. It then characterized those claims that had been pleaded as "common law claims." It rejected all of those claims on the basis that no affirmative misrepresentation had been made and a finding that, absent such misrepresentation, the doctrine of *caveat emptor* applied.

Notwithstanding its recognition that a statutory claim under section 558A.6 had not been asserted in the pleadings and had not been advanced in plaintiff's oral or written arguments to the court, the court proceeded to consider whether the Bottomleys were liable for damages based on noncompliance with the disclosure requirements of chapter 558A. The Bottomleys assert that no issue of statutory liability had been asserted by Peterson and that it was improper for the court to decide the case on that theory. We agree.

Although Iowa Rule of Civil Procedure 69(a) does not require the identification of a specific theory of recovery, we have held that, if specific theories of recovery are identified in the pleadings, it may be inferred

that these are the only theories on which the pleader relies. In *Davis v. Ottumwa YMCA,* 438 N.W.2d 10, 13 (Iowa 1989), we held that a pleading asserting a claim for reimbursement of medical expenses on common-law theories did not give fair notice of a claim under federal ERISA statutes. In *Shill v. Careage Corp.,* 353 N.W.2d 416, 420 (Iowa 1984), we held that a pleading asserting a negligence theory of recovery did not give fair warning of a claim based on implied warranty. In *Gosha v. Woller,* 288 N.W.2d 329, 331 (Iowa 1980), we held that a pleading that set forth a legal theory of express warranty did not give fair warning of an intent to rely on an implied warranty.

In the present case, Peterson, by specifically pleading five separate common-law theories of recovery, gave the Bottomleys a compelling indication that other legal theories were not being relied on. Moreover, we believe that the Bottomleys were prejudiced by not having been put on notice that a statutory violation was being asserted. With respect to the circumstances surrounding the roof damage, the disclosure form, which the district court found complied with the form required by Iowa Code section 558A.4(I), did not inquire as to roof condition other than asking the age of the roof and whether it leaked. If the Bottomleys knew that they were facing a statutory disclosure claim, they may have been able to show compliance with the disclosure requirement concerning the roof damage. We have considered all issues presented and conclude that the judgment of the district court should be reversed.

**REVERSED.**