ASBURY SQUARE, L.L.C., Plaintiff,

v.

AMOCO OIL COMPANY n/k/a BP
Products North America Inc.,
Defendant.

No. 4:03–CV–40199.

United States District Court,
S.D. Iowa, Central Division.

Feb. 10, 2005.

Stephen R. Eckley, Duncan Green Brown Langeness & Eckley PC, Des Moines, IA, James G. Sawtelle, Duncan Green Brown Langeness & Eckley PC, Denver, CO, Todd J. Locher, Locher & Locher, Farley, IA, for Plaintiff.

Robert L. Fanter, Whitfield & Eddy PLC, Des Moines, IA, Richard C. Garberson, Shuttleworth & Ingersoll, Cedar Rapids, IA, Mark S. Lillie, Bevin M. Brennan, Richard C. Godfrey, Kirkland & Ellis, Chicago, IL, for Defendant.

### ORDER

GRITZNER, District Judge.

This matter now comes before the Court on Plaintiff's Motion for Leave to Amend its Second Amended Complaint. Defendant has resisted.

Plaintiff seeks to plead no new facts, but to assert additional legal theories of equitable fraud, promissory estoppel, and equitable estoppel. Defendant argues the amendment would be futile, since the Plaintiff seeks damages, rather than equitable relief, and bases the claim on a written, rather than oral, representation. Thus, Defendant asserts these new legal theories are inapplicable to the case at bar. Plaintiff's brief in support of the motion for leave to amend does not address these legal issues, and Plaintiff has not filed a reply to the Defendant's resistance.

 Leave to amend pleadings is granted or denied at the discretion of the trial court. *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1005 (8th Cir.1996) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir.1994)). Amendment should be freely granted, but denial is appropriate if such amendment would be futile. *See, e.g., Mississippi Revival, Inc. v. City of Minneapolis*, 319 F.3d 1013, 1018 (8th Cir.2003). "There is no absolute or automatic right to amend." *Williams*, 21 F.3d at 224 (citing *Thompson–El v. Jones*, 876 F.2d 66, 67–68 (8th Cir.1989)). A trial court's decision on a motion to amend will be reviewed for an abuse of discretion. *Id.*

### Equitable Fraud

 Defendant argues equitable fraud is only an available theory upon which to obtain equitable relief, not money damages, citing *Daibo v. Kirsch*, 316 N.J.Super. 580, 592, 720 A.2d 994, 1000 (1998), and *Mitchell v. Berman*, 1987 WL 256439 at *2 (Md.Cir.Ct. Mar.5, 1987). The specific legal question is rarely addressed because the theory of equitable fraud commonly arises in cases directly involving equitable relief. *See generally, Peterson v. Bottomley*, 582 N.W.2d 187

(Iowa 1998); *Cookies Food Products, Inc. by Rowedder v. Lakes Warehouse Distributing, Inc.*, 430 N.W.2d 447 (Iowa 1988). However, the conclusion is inherently logical given the reduced level of proof for equitable relief. Equitable fraud does not require proof of scienter or pecuniary damage. *Morton v. Underwriters Adjusting Co.*, 501 N.W.2d 72, 74 (Iowa App. 1993). But, the equitable remedy simply restores the parties to their prior positions, rather than affirmatively awarding damages. The Court concurs with the Defendant's argument that allowing the theory of equitable fraud in an action for money damages improperly relieves the Plaintiff of its burden to prove the elements of a traditional fraud claim.

### Equitable Estoppel and Promissory Estoppel

■■■ "Equitable estoppel is based on the idea that one who has made certain representations should not thereafter be permitted to change his position to the prejudice of one who has relied thereon." *In re Estate of McAllister*, 214 N.W.2d 142, 146 (Iowa 1974). It is a doctrine invoked to avoid injustice. *Bricker v. Maytag Co.*, 450 N.W.2d 839, 841 (Iowa 1990). The elements of equitable estoppel consist of the following:

(1) the party against whom the doctrine is asserted misrepresented or concealed material facts;

(2) the party to whom the representation was made lacked knowledge of the true facts;

(3) the party who made the representation or concealed material facts intended the other party to act on the basis of the misrepresentation; and

(4) detrimental reliance thereon.

*In re Adoption v. Malottki*, 2000 WL 766106, at *4 (Iowa App. Jun 14, 2000) (citing *Benton v. Slater*, 605 N.W.2d 3, 5

(Iowa 2000)); *see also Bricker*, 450 N.W.2d at 841 (citing *Fernandez v. Iowa Dep't of Human Servs.*, 375 N.W.2d 701, 708 (Iowa 1985)).

There are cases of equitable estoppel involving a written agreement. *See, e.g., Morgan v. American Family Mut. Ins. Co.*, 534 N.W.2d 92, (Iowa 1995) (finding plaintiffs could not rely on written agreement in their equitable estoppel claim only because they never received the letter and insurance policy), *overruled on other grounds by Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000) (overruling *Morgan* on issue of applicable statute of limitations); *In re Adoption v. Malottki*, 2000 WL 766106, at *4 (involving written visitation agreement); *Hawkeye Land Co. v. Iowa Power and Light Co.*, 497 N.W.2d 480 (Iowa App.1993) (finding the intent element of equitable estoppel "was reflected both in the written memorandum Myers prepared regarding his conversation with McKenzie, and in the $95,040 check").

■■■ The elements of promissory estoppel consist of the following: (1) a "clear and definite agreement"; (2) proof that the party seeking to enforce the agreement reasonably relied upon it to his detriment; and (3) a finding that the equities support enforcement of the agreement. *Amana Society v. Colony Inn, Inc.*, 315 N.W.2d 101, 117 (Iowa 1982) (citing *In re Estate of Graham*, 295 N.W.2d 414, 418–19 (Iowa 1980)). Again, there are cases claiming promissory estoppel that involve written agreements. *See, e.g., Uhl v. City of Sioux City*, 490 N.W.2d 69 (Iowa App. 1992) (finding no promissory estoppel but only because plaintiffs were not third-party beneficiaries to written agreement); *Chipokas v. Hugg*, 477 N.W.2d 688 (Iowa App.1991) (finding that based on the proposal to lease, "no clear and definite agreement, written or oral, had been reached by

the parties" but not ruling out use of written agreements to fulfill the first element of promissory estoppel).

██ While Defendant cites multiple cases purporting to require an "oral agreement" for equitable or promissory estoppel, *see, e.g., Neely v. American Family Mut. Ins. Co.,* 123 F.3d 1127, 1129 (8th Cir.1997); *In re Marriage of Harvey,* 523 N.W.2d 755, 756 (Iowa 1994); *Postma v. Iowa Dist. Ct. for Plymouth County,* 439 N.W.2d 179, 181 (Iowa 1989); *Serv. Employees Int'l, Local No. 55 v. Cedar Rapids Cmty. Sch. Dist.,* 222 N.W.2d 403, 408 (Iowa 1974); *In the Matter of Scheib Trust,* 457 N.W.2d 4, 8 (Iowa Ct.App.1990), these cases all involved alleged oral promises and do not specifically exclude the possibility that a "written agreement" could fulfill the elements of the claims. Based on those elements, and the essential purpose of the estoppel theories, it makes sense that a claim for equitable and/or promissory estoppel may be based on a written agreement.

### CONCLUSION

The Court concludes amendment to add a claim for equitable fraud would be futile. The Court is unable to determine on this record that the additional claims for equitable estoppel or promissory estoppel would be futile. and therefore the Court follows the rule that amendments should be freely granted. Plaintiff's Motion for Leave to Amend its Second Amended Complaint (Clerk's No. 60) is **granted in part and denied in part**. The Motion is denied as to proposed Count III and granted as to proposed Counts IV and V. An amended complaint, recast pursuant to this Order, may be filed.

**IT IS SO ORDERED.**